FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

ANDRE MIKE BERRY,

Defendant‑Appellant.

No. 11-6081
(D.C. No. 5:10-CR-00073-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

---

Andre Mike Berry pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His plea agreement included a waiver of his right to appeal, collaterally challenge, or in any way seek to modify his sentence, so long as his sentence was within or

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

below the sentencing guideline range determined by the district court to be applicable. The court determined that the applicable range was 70 to 87 months in prison and sentenced Mr. Berry to 70 months. Despite his appeal waiver, Mr. Berry has appealed seeking to challenge his sentence. The government has moved to enforce the plea agreement's appeal waiver based on our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, *Hahn* sets forth three factors we must consider: "(1) whether the disputed appeal fails within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In his response to the motion to enforce, Mr. Berry concedes that "he has no information to dispute or rebut the assertions made by the government" with respect to each of the three factors. Resp. to Mot. to Enforce at 2.[1] Upon our independent review of the plea agreement and plea and sentencing hearing transcripts, we conclude that

[1] After counsel filed this response on Mr. Berry's behalf, Mr. Berry submitted a request to proceed pro se and a pro se response to the motion to enforce, asserting that his appeal waiver was not entered intelligently and voluntarily and that his counsel was ineffective. These document were not filed because Mr. Berry is represented by counsel. We note, however, that Mr. Berry is not precluded from asserting in a 28 U.S.C. § 2255 motion an ineffective-assistance-of-counsel claim concerning the negotiation of the plea agreement. *See, e.g., United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Mr. Berry cannot establish any of the three applicable exceptions to enforcement of the appeal waiver and therefore the appeal waiver should be enforced.

Accordingly, we GRANT the government's motion to enforce the appeal waiver contained in the plea agreement and DISMISS this appeal.


ENTERED FOR THE COURT
PER CURIAM